```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
STARLINE DURAN o/b/o                          :
ALEXANDER CANFIELD,                           :
                                              :
                Plaintiff,                    :
                                              :       03 CIV 1089 (HB)
        -against-                             :
                                              :       OPINION & ORDER
JO ANNE BARNHART,                             :
Commissioner of Social Security,              :
                                              :
                Defendant.                    :
------------------------------------------------------------------------x
```

**Hon. HAROLD BAER, JR., District Judge\*:**

Plaintiff seeks attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the following reasons, plaintiff's motion is GRANTED.

## BACKGROUND

On September 1, 1998, plaintiff, Starline Duran, applied for SSI benefits on behalf of her son, Alexander Canfield. The Social Security Administration ("SSA") rejected the claim in January of 1999 and that determination was affirmed by an administrative law judge ("ALJ") in September 1999. The SSA Appeals Council affirmed the ALJ's determination via letter dated December 12, 2001. Plaintiff, initially proceeding *pro se*, commenced a lawsuit to challenge the Appeals Council's determination on February 22, 2002.

On July 9, 2003 the Commissioner moved to dismiss plaintiff's complaint on the ground that it had been filed more than sixty days after plaintiff's receipt of the Appeals Council's determination. In opposition, plaintiff argued that the Commissioner had offered no evidence that the Appeals Council's decision had in fact been sent on December 12, 2001. Since plaintiff had rebutted the statutory presumption of receipt within five days of the date of the notice, I denied the motion to dismiss. See Duran v. Barnhart, 03 Civ. 1089, 2003 WL 22176011 (S.D.N.Y. Sept. 22, 2003).

---

\* Leila Rosini, a second year student at Brooklyn Law School, provided substantial assistance in researching and drafting this opinion.

Following denial of the motion to dismiss, defendant disclosed that it had lost the tape of the proceedings before the ALJ, thus making judicial review of the SSA's determination impossible. Therefore, on January 20, 2004, with both parties' consent, I remanded the matter to the SSA for a new hearing on plaintiff's benefits application. The second hearing was held on March 31, 2005. On September 20, 2005, seven years after plaintiff first applied for benefits, an ALJ found plaintiff's son disabled as of the original application date. On November, 30, 2005, plaintiff filed the instant motion for attorney's fees and expenses pursuant to 28 U.S.C. § 2412(d). I can't resist the following tongue in cheek quote from Sir Walter Scott, which captures in large part the course taken here both by the Social Security Administration and the U.S. Attorney's Office.

> I thought ye had some law affair of your ain to look after; I have ane mysell—a ganging plea that my father left me, and his father afore left to him. It's about our back yard; ye'll maybe hae heard of it in the Parliament House, Hutchinson against MacKitchinson; it's a weel kenn'd plea—it's been four times in afore the fifteen, and deil onything the wisest o'them could make o't, but just to send it out again to the outer-house. O it's a beautiful thing to see how lang and how carefully justice is considered in this country.

Sir Walter Scott, The Antiquary, ch. 2, (from Ragbag of Legal Quotations, McNamara, Frances M., ed. 1960).

## **DISCUSSION**

To obtain attorney's fees under the EAJA three requirements must be met: (1) the claimant must be a prevailing party; (2) the government's position must not have been substantially justified and; (3) there can be no special circumstances that would make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). In opposing plaintiff's motion for fees, defendant argues only that the government's position was substantially justified.

The government's actions are substantially justified if those actions are "justified to a degree that would satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). To prevail on the issue of substantial justification, the government has the burden of showing both that the underlying agency action was reasonable and that its position in the ensuing litigation was reasonable. See Sotelo-Aquije v. Slattery; 62 F.3d 54, 57 (2d Cir. 1995) (government must show that "the position taken by the administrative agency on the merits" was

2

reasonable). See also Environmental Defense Fund, Inc. v. Watt, 722 F.2d 1081, 1085 (2d Cir.1983) (government must make a "strong showing" of reasonableness). However, the mere fact that the government lost the underlying case does not raise a presumption that the government's actions were unreasonable. Cohen v. Brown, 837 F.2d 582, 595 (2d Cir. 1988).

Here, the government makes no attempt to defend the agency's underlying denial of benefits.[1] Perhaps this is because the SSA lost the tape of plaintiff's first hearing, a mistake that tacked years onto plaintiff's already interminable quest for benefits. Based on this record, I am at a loss to understand why the government chose to oppose this motion. In any case, the government has failed to show that the agency's determination was substantially justified.

Plaintiff has requested a total award of $12,161.20 in attorney's fees, including time spent on this fee application, and has provided time records in support of this demand.[2] The government has not objected to the reasonableness of this amount. Therefore, I find that $12,161.20 is a reasonable fee.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for attorney's fees in the amount of $12,161.20 is GRANTED. The Clerk of the Court is directed to close this motion and remove it from my docket.

**SO ORDERED.**

March 12, 2006
New York, New York

U.S.D.J.

---

[1] Instead, in its opposition to plaintiff's motion, the government argues only that it was substantially justified in moving to dismiss plaintiff's complaint as untimely.
[2] Plaintiff requests attorneys fees at the rate of $148 per hour for work performed in 2003, $154 per hour for work performed in 2004, and $158 per hour for work performed in 2005 and 2006.

3